**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ISTRICE, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00280-RCJ-VPC |
| v. | ) | |
| | ) | **ORDER** |
| MORTIN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is plaintiffs' application for leave to proceed *in forma pauperis*, accompanied by their *pro se* civil rights complaint and exhibits, which they filed on April 20, 2011 (#1).[1]   Plaintiffs also filed a "supplemental civil complaint" on August 26, 2011, which adds Hearthstone of Northern Nevada as a defendant (#3).  In their application and financial affidavit, plaintiffs indicate that they receive $500.00 per month in disability benefits.  *Id.*  Plaintiffs claim that their monthly expenses total over $400.00.  *Id.* at 2.  Based upon the foregoing, the court grants plaintiffs' application to proceed *in forma pauperis*.  However, the court's preliminary review of plaintiffs' complaint (#1-1) and supplemental civil complaint (#3) reveals that they fail to state a claim upon which relief may be granted in this court; therefore, the complaint is dismissed without prejudice and with leave to amend pursuant to this Order.

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp.*

_____

[1]     Refers to the court's docket numbers.

1   *of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic

2   recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise

3   a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

4   (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely

5   creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller,

6   Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).  In reviewing a complaint under

7   this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg.*

8   *Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

9   favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S.

10  411, 421 (1969).

11          Allegations in *pro se* complaints are held to less stringent standards than formal pleadings

12  drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-

13  21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

14  1990).  "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct

15  complained of was committed by a person acting under color of state law; and (2) that the conduct

16  deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader,* 879 F.2d 583,

17  587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990).

18          Plaintiff Segayle Istrice was a patient at the Rosewood Rehabilitation Center (#1-1, p. 1).

19  Plaintiffs allege that defendants Lynda and Tom Mortin[2] "collected money from [plaintiffs'] health

20  insurance company to pay the expenses incurred while in care and custody of the Rosewood care

21  center." *Id.* Plaintiffs further claim that under Ms. Mortin's care, plaintiff Segayle Istrice contracted

22  a food-borne illness, which "went untreated, then undiagnosed for a duration of time of which is

23  unknown." *Id.* at 1-2.  Plaintiff Segayle Istrice suffered immune, lower abdomen, and urinary tract

24  issues as a result of the infection, which she claims was not appropriately treated. *Id.* at 2.  Plaintiffs

25  sue defendants for gross negligence, breach of contract, breach of medical duty and compliance to

26  rules and regulations of the state and federal law governing nursing care facilities, and depraved

27

28          [2]      The caption of plaintiffs' complaint spells Mortin with an "i" while the body of the complaint spells Morton with an "o."  The court is unsure which spelling is accurate.

1    indifference to elderly rights.  *Id.*

2         In their supplemental civil complaint, plaintiffs add defendant Hearthstone of Northern

3    Nevada, alleging that the State of Nevada documented deficiencies at Hearthstone, which violated

4    applicable regulatory procedures and policies (#3, pp. 2-3).  Plaintiffs go on to complain that both

5    defendants Rosewood and Hearthstone violated regulations related to notifying residents of costs

6    associated with care provided.  *Id.* at 4.  Plaintiffs also complain that the care provided for plaintiff

7    Segayle Istrice's infections was inadequate and violated the policies of both facilities.  *Id.* at 6.

8    While plaintiffs do not name the State of Nevada as a defendant, they claim that when the State

9    accepted assurances from defendant Hearthstone regarding its amelioration of cited deficiencies, it

10   engaged in fraud with defendant Hearthstone.  *Id.* at 8.  In their supplemental complaint, plaintiffs

11   request one million dollars in damages and ask the court to award summary judgment in their favor.

12   *Id.* at 9.

13        As an initial matter, plaintiffs were not granted leave by this court to file a supplemental or

14   amended complaint.  There may be only one operative complaint in any action before this court.  The

15   court admonishes plaintiffs to refrain from filing additional pleadings without leave from the court.

16   Additionally, in the future, plaintiffs must wait until after the court screens their complaint before

17   filing additional papers.  Second, plaintiffs did not name the State of Nevada as a defendant, but

18   suggest in their supplemental complaint that the State engaged in unlawful activity.  Courts may not

19   rule on the rights of persons not currently before them.  *Zepeda v. U.S. Immigration Serv.*, 753 F.2d

20   719, 727 (9th Cir. 1985) ("A federal court may . . . not attempt to determine the rights of persons not

21   before the court.").  Therefore, plaintiffs must include in the caption the names of all parties they

22   deem to have violated their rights.

23        In addition to these deficiencies, plaintiffs' complaint fails to state sufficient facts to

24   demonstrate a potential violation of their federal rights.  Federal courts have original jurisdiction

25   over a case when it is "founded on a claim or right arising under the Constitution, treaties or laws

26   of the United States," or when the amount in controversy exceeds the sum of $75,000 and the

27   citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. §§ 1331, 1332(a).

28   Plaintiffs claim that defendants engaged in gross negligence, depraved indifference to the rights of

1  the elderly, and breached their contract and medical duty.  Without commenting on the viability of
2  these claims, the court notes that they are not violations of federal law or the constitution.  Further,
3  plaintiffs do not allege that there is diversity of citizenship between themselves and the defendants.
4  Therefore, the court does not have jurisdiction to hear this case.

5      Even if the court did have jurisdiction to hear the case, plaintiffs do not include any facts to
6  suggest that defendants acted under color of state law when they perpetrated the alleged violations;
7  therefore, plaintiffs fail to state a claim under Section 1983.  *Wood,* 879 F.2d at 587.  Simply
8  working at a nursing home that receives federal funding does not necessarily establish that the
9  workers in the facility act under color of state law. *See Blum v. Yaretsky*, 457 U.S. 991, 1012 (1982).

10      As set forth above, this court does not have jurisdiction to hear plaintiffs' complaint.  Even
11  if the court did have jurisdiction, the facts as stated fail to state a claim under Section 1983.
12  Therefore, it is recommended that plaintiffs' application to proceed *in forma pauperis* (#1) be
13  granted and that their complaint (#1-1) be dismissed without prejudice.  Plaintiffs are advised that
14  a complaint pursuant to 42 U.S.C. § 1983 should set forth a concise statement of facts that
15  demonstrate a violation of plaintiffs' civil rights and should identify the specific individuals, acting
16  under color of state law, responsible for the alleged violations.

17      **IT IS THEREFORE ORDERED** that plaintiffs' application to proceed *in forma pauperis*
18  (#1) is **GRANTED**.

19      **IT IS FURTHER ORDERED** that plaintiffs' complaint (#1-1) is **DISMISSED WITHOUT**
20  **PREJUDICE** and with leave to amend according to this Order.  The Clerk shall send to plaintiffs
21  a blank form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiffs are advised
22  that pursuant to Local Rule 15-1, the amended complaint shall be complete in itself without
23  reference to the previous complaint. Plaintiffs shall write the words "first amended" above the title
24  "civil rights complaint" on the form.

25  ///
26  ///
27  ///
28  ///

4

1       **IT IS FURTHER ORDERED** that plaintiffs are **GRANTED** thirty (30) days from the date

2   of entry of this Order within which to file a first amended complaint remedying, if possible, the

3   defects in the complaint explained above.  Plaintiffs' failure to do so may result in the immediate

4   dismissal of the entire action.

5       **DATED**:        September 8, 2011.

6

7       _____

8       **UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28